Sharon E. Coates, Director Liquefied Petroleum Gas Board 1421 West 6th Street Little Rock, AR 72201-2901
Dear Ms. Coates:
This is in response to your request for an opinion regarding the authority of a municipality or a county to pass an ordinance which would be in direct conflict with rules and regulations promulgated by the Liquefied Petroleum Gas Board ("Board").
You make specific reference to a proposed municipal ordinance which, according to your correspondence, would prohibit above-ground liquefied petroleum gas storage containers. Your question is asked in light of the following regulation published in the Liquefied Petroleum Gas Code:
 The installation of any storage container underground or the covering of any storage container with a mound of earth, or other material, except containers designed to operate under refrigerated or cryogenic conditions is prohibited.
The proposed ordinance would appear to directly conflict with the above regulation to the extent that it would effectively mandate underground installation of storage containers. We must conclude that the municipality has no authority to enact such an ordinance.
While it must be initially recognized that a municipality does have the power to enact ordinances to provide for the safety, health, and convenience of its inhabitants (see generally, A.C.A.14-55-102), it is also well-established that such ordinances cannot be inconsistent with state law. A.C.A. 14-55-101. State law with regard to the storage, transportation, and handling of liquefied petroleum gases is set forth under A.C.A. 15-75-101, et seq., which is entitled the Liquefied Petroleum Gas Board Act. The Board's authority to issue rules and regulations appears in pertinent part under A.C.A. 15-75-207 as follows:
 (a) The Liquefied Petroleum Gas Board is empowered to make reasonable rules and regulations to carry out the provisions of this subchapter. Such rules and regulations shall have the force and effect of law.
With regard, specifically, to standards for containers, A.C.A.15-75-208 states:
 The board shall provide additional standards and specifications for containers, systems, appliances, and appurtenances, as may be reasonably necessary for the public safety. The standards or specifications are to be set forth in the rules and regulations of the state code governing liquefied petroleum gas containers and equipment.
It may be concluded that the regulation cited above was "reasonably necessary for the public safety" and was within the regulatory authority of the Board.[1] A municipal ordinance that is inconsistent with this regulation will, in my opinion, fail to withstand scrutiny.
With regard to counties, we would note that a county quorum court is prohibited from passing any legislative act "contrary to the general laws of the state." A.C.A. 14-14-805(13). See also, A.C.A. 14-14-808 regarding the required consistency with state regulations.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] As stated in your correspondence, the regulation was established in order to allow for the visual inspection of teach storage container.